UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GULDSETH, MD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 17-cv-12112-ADB |
| FAMILY MEDICINE ASSOCIATES LLC | * |
| and GREGORY BAZYLEWICZ, MD, | * |
| | * |
| Defendants. | * |
| | * |

## **MEMORANDUM AND ORDER ON MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiff David Guldseth ("Guldseth") brings this action pursuant to Massachusetts General Laws Chapter 93A alleging that Defendants Family Medicine Associates, LLC and Gregory Bazylewicz, MD ("Defendants") lured him to Massachusetts under the guise that he would take over the practice of a retiring Family Medicine Associate physician and subsequently failed to deliver said practice. [ECF No. 1 ("Compl.") ¶ 1]. Presently before the Court are Defendants' motion to dismiss for failure to prosecute, [ECF No. 35], and Guldseth's opposition and Motion to Expedite, [ECF No. 36]. According to Defendants, Guldseth has failed to comply with this Court's August 20, 2019, Order, [ECF No. 33], which compelled Guldseth to respond to Defendants' requests for production and interrogatories and to appear for a deposition. [ECF No. 35 at 1]. For the reasons set forth below, Defendants' motion to dismiss [ECF No. 35] is DENIED. Guldseth's "Motion to Expedite the Production of Documents," [ECF No. 36], is likewise DENIED. Guldseth is ordered to provide three additional reasonable dates when he would be available for deposition by October 1, 2019.

The parties are reminded at the outset that there is a discovery schedule in place, which anticipated fact discovery closing by October 30, 2019. [ECF No. 22]. The Court assumes that the parties are complying with that schedule.

## I. BACKGROUND

On October 27, 2017, Guldseth filed a complaint, alleging that Defendants violated Massachusetts General Laws Chapter 93A when they lured him to Massachusetts with the promise of transferring a retiring physician's practice to him and subsequently failed to provide that practice. [Compl. ¶ 1]. Defendant Family Medicine Associates, LLC answered on February 15, 2018. [ECF No. 6]. Guldseth failed to serve Defendant Bazylewicz. The Court then proposed a Scheduling Conference, [ECF No. 7], which was postponed on numerous occasions due to Guldseth's failure to attain legal representation. [ECF Nos. 10, 12, 16, 18]. While that Conference was being postponed, Family Medicine Associates, LLC moved to dismiss the claim against Bazylewicz. [ECF No. 25]. The Court granted that motion in part, but allowed Guldseth an opportunity to serve Bazylewicz. [ECF No. 27]. Bazylewicz answered on June 7, 2019. [ECF No. 28]. In June, Guldseth also responded to Defendants' first set of interrogatories with short, handwritten answers to some of their questions. [ECF No. 31].

In August 2019, Defendants moved to compel Guldseth to respond to requests for production and interrogatories and to appear for a deposition. [ECF No. 32]. Citing Guldseth's failure to oppose, the Court granted that motion on August 20, 2019. [ECF No. 33]. Guldseth was given until August 27, 2019, to provide three dates in September when he would be available for deposition. [Id.]. He also had until September 3, 2019, to respond to all interrogatories, requests for admission, and requests for production. [Id.].

Guldseth did not satisfy the terms of the Court's August 20 Order. On September 10, 2019, Defendants moved to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 35]. Guldseth responded in opposition on September 16, 2019, and provided September 19, 20, and 23 as potential dates to be deposed. [ECF No. 36].

II.     **DISCUSSION**

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Courts should only impose this severe sanction where the plaintiff's conduct is 'extreme.'" Humphrey v. Comoletti, No. 15-cv-14170, 2018 WL 2709205, at *2 (D. Mass. June 5, 2018) (quoting Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002)). "[E]xtreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances." Chamorro, 304 F.3d at 4–5. Still, "dismissal orders typically are measures of last resort, reserved for extreme cases." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

Though Guldseth failed to comply with the Court's August 20 Order, he alleges that he did not receive the Order until September 10, 2019, and that Defendants have likewise failed to respond to his discovery requests, including document requests. [ECF No. 36 at 1]. When faced with the Defendants' motion to dismiss, Guldseth immediately opposed the motion. [ECF No. 36]. At this time, the Court will not read any bad faith into his previous silence as compared to his sudden response.

When he did respond on September 16, 2019, however, Guldseth offered September 19, 20, and 23 for a deposition. Guldseth is therefore ordered to provide three additional dates that would be reasonable for a deposition by October 1, 2019.

3

## III.    CONCLUSION

Defendants' motion to dismiss, [ECF No. 35], is <u>DENIED</u>.  Guldseth's motion to expedite, [ECF No. 36], is likewise <u>DENIED</u>.  The Court reminds the parties that it has imposed a discovery schedule, which anticipates a completion of discovery by October 30, 2019.  The Court will assume that both parties are acting in good faith to effectuate that timeline.  The parties are hereby warned that any further evasion of this Court's orders may result in a dismissal or other sanctions.  <u>See, e.g.</u>, <u>Humphrey</u>, 2018 WL 2709205, at *3.  Guldseth is ordered that, by October 1, 2019, he must provide three additional dates for deposition.

**SO ORDERED.**

September 25, 2019                                             <u>/s/ Allison D. Burroughs</u>
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE